UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| REALCO LIMITED LIABILITY COMPANY, | )<br>)<br>) |
| Plaintiff, | )  Civil Action No. 06-131-ART<br>) |
| v. | )<br>) |
| AK STEEL CORPORATION, et al., | )  **MEMORANDUM OPINION**<br>)  **AND ORDER**<br>) |
| Defendants. | )<br>)<br>) |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants removed this action from Greenup Circuit Court on September 6, 2006, on the basis of diversity jurisdiction. [R. 1 ¶ 3]. The Notice of Removal alleged that: (1) Plaintiff is a West Virginia limited liability company with its principal place of business in West Virginia; (2) Defendant AK Steel is a Delaware corporation with its principal place of business in Ohio; (3) Defendant CSX is a Virginia corporation with its principal place of business in Florida. *Id.* at ¶ 3a–c. The Notice of Removal stated that the citizenship of Defendants Commonwealth of Kentucky Department of Highways, William E. Darragh, III, Elwood Gibbs, and Barbara Gibbs should not be considered for purposes of determining whether diversity jurisdiction is present. *Id.* at ¶¶ 4–5.

The parties do not dispute the Court's subject matter jurisdiction. During a status conference, however, the Court inquired as to the citizenship of Plaintiff's members. *See Lane v. City of LaFollette, Tenn.*, 490 F.3d 410, 423 n.5 (6th Cir. 2007) ("Although neither party raised the issue in their brief, we have an independent obligation to determine subject matter

jurisdiction."). In response to the Court's Orders [R. 136 & 140], Plaintiff filed a Corporate Disclosure Statement [R. 139] and a Supplemental Corporate Disclosure Statement [R. 144] in which it indicated that Shonk-Del LLC owned 99% of Plaintiff. [R. 139]. In turn, the membership of Shonk-Del LLC is composed of multiple individuals, including individuals residing in Ohio, Florida, and Kentucky. *Id.*, exh. A. Plaintiff further stated that these individuals not only resided in these states, but also were citizens thereof. [R. 144]. The 99%-owner of Plaintiff, therefore, is a citizen of Ohio, Florida, and Kentucky, among others.

## Discussion

In this context, diversity jurisdiction requires that the lawsuit be between citizens of different states and that the amount in controversy exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1). Complete diversity only exists where "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). It is common in cases like this for one to assume that limited liability companies are no different than corporations, and thus, the pleadings often allege only the place of incorporation and principal place of business. This is incorrect.

It is well established that a limited liability company has the citizenship of each of its members. *Homfeld II, LLC v. Comair Holdings, Inc.*, No. 01-1151, 2002 WL 31780184, at *1 (6th Cir. 2002) (unpublished) ("[A] limited liability company is not treated as a corporation and has the citizenship of its members . . . ."); *see also OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."); *Wise v. Wachovia Sec., LLC,* 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company, however,

2

despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members."); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that an LLC is a "citizen of every state of which its owners/members are citizens"); *PRAMCO, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54–55 (1st Cir. 2006) (holding that an LLC has the citizenship of its members and noting that "every circuit to consider this issue has held that the citizenship of a limited liability company is determined by the citizenship of all of its members"); *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise. It is an unincorporated association, akin to a partnership for diversity purposes, whose citizenship is that of its members."); *Rolling Greens MHP, LP v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("The federal appellate courts that have answered this question have all answered it in the same way: like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen. We join them in this holding."); *Handelsman v. Bedford Vill. Assoc. Ltd. P'ship*, 213 F.3d 48, 52 (2d Cir. 2000) (holding that "defendants Bedford Partnership and Bedford LLC are, for diversity purposes, citizens of Florida because both entities have Florida members"). Because the 99%-owner of Plaintiff is a citizen of Ohio, Florida, and Kentucky, Plaintiff also is a citizen of these states. Defendants are citizens of these states as well. Complete diversity is lacking, therefore, and the Court must remand this action to the state court for lack of subject matter jurisdiction.

While it may seem illogical at first blush to treat a limited liability company differently from a corporation, it is the job of Congress, not the courts, to fix any inconsistencies this may

3

cause. As the Supreme Court has previously stated when dealing with limited partnerships:

> [T]he course we take today does not so much disregard the policy of accommodating our diversity jurisdiction to the changing realities of commercial organization, as it honors the more important policy of leaving that to the people's elected representatives. Such accommodation is not only performed more legitimately by Congress than by courts, but it is performed more intelligently by legislation than by interpretation of the statutory word "citizen."

*Carden v. Arkoma Assoc.*, 494 U.S. 185, 197 (1990). In that same decision, the Court noted that in 1958, Congress revised the rules to provide that a corporation "shall be deemed a citizen not only of its State of incorporation but also 'of the State where it has its principal place of business.'" *Id.* at 196 (quoting 28 U.S.C. § 1332(c)). At the time Congress made this revision it was aware of the numerous artificial entities that existed, including joint stock companies, limited partnerships, and the like, but chose not to redefine how those entities are categorized. *Id.* In the end, the 50 States will continue to create a wide assortment of artificial entities with different powers and characteristics, and "[w]hich of them is entitled to be considered a 'citizen' for diversity purposes, and which of their members' citizenship is to be consulted are questions more readily resolved by legislative prescription than by legal reasoning . . . ." *Id.* at 197.

The Court does not take this action lightly, as it realizes the burden this action imposes on the parties. As the Court is sure the parties recognize, jurisdiction is not something with which the Court has discretion. And, in this regard, the Court appreciates the parties' diligence and assistance in determining whether jurisdiction in this matter is appropriate.

Accordingly, it is hereby **ORDERED** that this matter is **REMANDED** to the Greenup Circuit Court and shall be **STRICKEN** from the Court's docket. All pending motions are **DENIED AS MOOT**.

This the 5th day of May, 2008.

Signed By:
*Amul R. Thapar* AT
United States District Judge